## Second Department, August, 1980

### (August 4, 1980)

■ Chemical Bank Hudson Valley, N. A., Formerly Known as Tappan Zee National Bank, Respondent, v Howell-Kessler Corp. et al., Defendants, and Harold Silver et al., Appellants.—In a mortgage foreclosure action, defendants Harold Silver and Milton Karel appeal from an order of the Supreme Court, dated June 25, 1979 and entered in Rockland County, which, *inter alia,* granted plaintiff's motion for a deficiency judgment against them. Order reversed, on the law, with one bill of $50 costs and disbursements payable to appellants, and motion denied, without prejudice to plaintiff's right to reseek a judgment of foreclosure against appellants in accordance herewith. On October 6, 1976, a judgment of foreclosure and sale concerning two parcels of real property was granted and deficiency judgments awarded against defendants Howell-Kessler Corporation, Silver and Karel. Subsequently, on March 20, 1978, an amended judgment of foreclosure and sale was entered. Thereafter plaintiff moved for an order confirming the referee's report of sale and for a deficiency judgment against all defendants. In a decision dated November 6, 1978, the court held that plaintiff was entitled to a deficiency judgment against all defendants and directed a referee to establish the fair market value of the property at the time of sale. Defendants Silver and Karel moved to vacate that decision and, by order and decision dated December 13, 1978, Mr. Justice Dickinson vacated his prior decision with respect to Silver and Karel only and granted plaintiff leave *to reseek a judgment of foreclosure* against Silver and Karel. By notice of motion dated December 29, 1978, plaintiff sought entry of a

judgment of foreclosure and sale and for a deficiency judgment against Silver and Karel. Mr. Justice Wood, in granting the motion, erroneously stated that Justice Dickinson, in his decision and order of December 13, 1978, had granted leave to plaintiff *to reseek a deficiency judgment* against Silver and Karel. Moreover, in his order, Justice Wood only granted plaintiff a deficiency judgment, without also granting a judgment of foreclosure and sale as directed by Justice Dickinson. There being no valid entry of a judgment of foreclosure against Silver and Karel, therefore, the order granting the deficiency judgment against them must be reversed, without prejudice to plaintiff's right to reseek a judgment of foreclosure against Silver and Karel, at which time said defendants shall be permitted to interpose any defenses that they may have to entry of a judgment of foreclosure and a deficiency judgment against them individually. Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.